FERDINAND THOMMESSEN

v.

ABSECON LAND COMPANY et al.

[Argued May term, 1925.  Decided October 19th, 1925.]

On appeal from a decree of the court of chancery.

*Mr. John C. Reed,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondents.

PER CURIAM.

The bill in this case was filed by Thommessen to compel the specific performance of a contract for the sale of land located in Ventnor City and owned by the Absecon Land Company.  The hearing resulted in a decree in favor of the defendant company, and the complainant has appealed.

The contract was entered into on February 2d, 1922, the vendee being one Mansbach, who later assigned his interest therein to Thommessen, the complainant.  It was to be executed by the payment of the purchase-money and the delivery of the deed at the office of H. G. Harris & Company, in Atlantic City, they being the brokers who had negotiated the sale on March 17th, 1922, at or before three o'clock in the afternoon.

The basis of the complainant's claim to be entitled to a specific performance of the contract is that when the time of performance arrived he was present at the place of performance, ready to pay the purchase price, and that no one appeared on behalf of the intending vendor.  The defense was a denial of the truth of this averment, and the counter contention that the defendants were present by their agent, ready and willing to deliver the deed; that the complainant

failed to appear, and that by reason of such failure the obligation of the defendant to make a conveyance ceased to exist.

The complainant, in support of his contention, called witnesses who testified that he had attended at the office of the Harris company at about ten o'clock in the morning of March 17th, taking with him cash of sufficient amount to complete the payment of the purchase-money; that at that time no one was present representing the intending vendor, and that he could get no explanation from parties present in the office as to such absence; that he made inquiries for the purpose of ascertaining the location of somebody who could act for the company, but was unsuccessful; that he waited at the Harris office until noon and then left, taking with him the cash, which he had brought for the purpose of paying the purchase-money, and deposited it in the bank, and that there was no attempt subsequently made either on his part or on the part of the land company to complete the transaction.

On the other hand, the land company called witnesses to prove that the deed for the conveyance of the property was prepared and duly executed prior to the time limit fixed by the agreement; that it was taken by their representative to the office of H. G. Harris & Company before three o'clock in the afternoon of March 17th, there to be delivered to the intending purchaser upon the payment of the purchase-money; that nobody appeared then or afterward on the part of the complainant to complete the contract; that about four o'clock the president of the land company called up on the telephone the counsel of the complainant for the purpose of ascertaining the cause of his client's non-appearance, but received no answer to his inquiry, except that the matter would have to be settled by a suit in chancery.

Our examination of the proofs sent up with the appeal satisfies us that the defense interposed by the land company is supported by the clear preponderance of the evidence; that the complainant, on his own showing, failed to perform his part of the contract by neglecting to attend at the place designated therein for the payment of the purchase-money

and the delivery of the deed at the time fixed therein for such payment and delivery, or at any later time; that no legal excuse was shown for such failure on his part, and that, by reason thereof, the defendant company was entirely justified in declaring the contract at an end. Holding this view as to the effect of the proofs submitted, and as to the legal consequences resulting therefrom, we conclude that the decree under review should be affirmed.

Other matters were involved in the controversy and were considered by the vice-chancellor before whom the case was heard. These matters, however, become of no legal importance in view of the conclusion we have reached upon the facts recited.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.